UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

QUINCY DEWAYNE ROBINSON #113238     CIVIL ACTION NO. 21-cv-4432

VERSUS     JUDGE S. MAURICE HICKS, JR.

JULIAN WHITTINGTON ET AL.     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the court is a Motion for Summary Judgment (Doc. 47) filed by Sheriff Whittington. The motion itself mentions only Whittington as a movant, but other materials refer to Warden Jacobs and Lt. Anthony Evans as among the BSO Defendants joining the motion. The motion asks for dismissal of Plaintiff's claims based on failure to exhaust administrative remedies.

Failure to exhaust is an affirmative defense, so the burden is on the defendant to demonstrate that the plaintiff failed to exhaust available remedies. "At the summary-judgment stage, ... defendants 'must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor.'" Wilson v. Epps, 776 F.3d 296, 299 (5th Cir. 2015) (quoting Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010)). See also Donahue v. Wilder, 824 F. App'x 261, 265 (5th Cir. 2020).

The court recently explained, in another case involving Sheriff Whittington, how to best meet that burden: A motion for summary judgment should be supported by an affidavit from the official who administers the ARP system. That official should testify

about the existence and terms of the ARP plan in place at the relevant time, attach certified copies of any filing that the prisoner did make (together with responses thereto), and certify that a diligent check of the relevant records revealed no other grievance or appeal by the prisoner with respect to the claims at issue. Other relevant evidence may include how inmates are informed of the ARP plan and evidence, if any, that the plaintiff acknowledged receipt of that information. Logan v. Whittington, 2020 WL 4812698 (W.D. La. 2020); Stephens v. Prator, 2017 WL 3775953 (W.D. La. 2017) (describing the hallmarks of a proper motion for summary judgment on the exhaustion defense). Culotta v Holley, 22 CV 567, Doc. 73.

The motion before the court attaches an uncertified copy of the Bossier Parish Sheriff's Office Inmate Handbook, and the motion gives no hint of where in the 30+ page handbook the relevant grievance provisions are located or what they say. There is no affidavit testimony that this is the version of the handbook in effect at the relevant time or that Plaintiff was aware of it. The Statement of Uncontested Facts contains such assurances, but that is not competent summary judgment evidence. There is no copy of the grievance filed by Plaintiff or the responses to it.

The court was able to find in the handbook that the jail has a two-step grievance procedure for use by all inmates, and the handbook tells them that they are "required to use the ARP procedure before they can proceed with a suit in federal and state courts." Step one is to file a grievance in writing within 90 days after an incident has occurred. Step two is an appeal to the "major of corrections" (although the handbook confusingly states later that a final decision will be issued by the "secretary"). The handbook states that if an

inmate "is not satisfied with the second step response, they may file suit in district court." There is no step three. The handbook states that the grievance procedure is "for use by all inmates committed to the Bossier Parish Corrections Bureau."

The Sheriff's motion argues that Plaintiff (a pretrial detainee) failed to exhaust because, after his step-two grievance was denied, he did not appeal that denial to the Secretary of the Department of Corrections. The Sheriff does not explain the basis for this purported step-three requirement. He does not cite to any provision of the inmate handbook for it. He does refer to the state statutes and administrative code for the DOC grievance process, but that is also a two-step process (as the memorandum acknowledges at page 3). Furthermore, the grounds for applying the DOC grievance procedure (rather than the procedure in the Inmate Handbook) to this pretrial detainee is not explained. The memorandum also urges that Plaintiff "failed to complete step-two and file an appeal with the Secretary of the Department of Corrections."

The only competent summary judgment evidence submitted by the movants is Plaintiff's deposition. The following exchange occurred at pages 18-19 related to exhaustion:

Q: You mentioned earlier you filed the Administrative Remedy Procedure step one and two. Correct?

A: (Indicating.)

Q: You were denied on both. Is that correct?

A: (Indicating.)

Q: You filled this form out. The form asked about a step three to the Secretary of the Department of Public Safety and Corrections. Did you take it to step three?

A: JDC 19?

Q: No. To the Secretary of Louisiana Department of Public Safety and Corrections.

A: After my second step I wrote to the 19th JDC. They never responded.

Q: Right. That's after step two?

A: Two. That's the last step far as here. Two steps.

Q: But then on this form it informs you that there's a step three of Administrative Grievance Procedure, and you appeal Secretary of Louisiana Department of Public Safety and Corrections. That's a department of the State of Louisiana. Did you appeal to that department of the State?

A: No. I wrote the 19th JDC.

Q: What did you write to the 19th JDC?

A: I sent them a copy of my first and second step.

Q: And they didn't write back?

A: Never responded.

Counsel said at page 24 that the second step was denied as unfounded, and Plaintiff agreed. Plaintiff later attempted at page 25 to explain the confusion about a step three:

A: … you'll see why I went to the second step. Because it said if you're not satisfied. And you'll see on the second page of the second step, it doesn't say anything about the third step. Because it used to be three steps in DOC, but they squashed it down to two now.

    The sheriff's motion for summary did not include a copy of the grievance forms that

were discussed during the deposition, and the court has not located them elsewhere in the record. In a recent case, the Sheriff submitted affidavits and copies of grievances that showed a two-step process at the jail that was designed to end with a step-two final decision by Captain Boyer. Culotta v Holley, 22 CV 567. There was no mention of a step three or any involvement by the Secretary of the DOC.

The **Motion for Summary Judgment (Doc. 47)** must be denied. It does not come close to meeting the movants' burden to establish beyond peradventure all of the essential elements of the defense of failure to exhaust. There is too much uncertainty about the applicable process, and it appears that Plaintiff may have completed the process by receiving a step-two denial. Rather than issue a report and recommendation to that effect, the motion is **denied without prejudice**. The movants will be allowed a final opportunity, by **March 22, 2023**, to file a motion for summary judgment that properly asserts and supports the exhaustion defense or (if it is determined the defense does not have merit) moves for summary judgment on other grounds.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of March, 2023.

Mark L. Hornsby
U.S. Magistrate Judge